## Gehret v. Gogluizza

*A. Joseph Antanavage,* for plaintiff.
*Francis M. Mulligan,* for defendant.

SCHAEFFER, *P.J.,* April 22, 1991—This matter is defendant's appeal from this court's order of

January 29, 1991, which rescinded a November 26, 1990 order and struck defendant's civil appeal from a district justice judgment.

On August 2, 1990, plaintiff filed suit against defendant to recover payment on plaintiff's bill for excavation and road-building work. On September 4, 1990, a hearing on this matter was held before a district justice and, also on this date, judgment was entered for plaintiff. On September 6, 1990, the district justice mailed the notice of judgment to defendant.[1]

On October 5, 1990, defendant filed a notice of appeal from the district justice judgment. On October 30, 1990, upon plaintiff's praecipe, defendant's appeal was stricken as untimely pursuant to Pa.R.C.P.D.J. 1002, which provides that an appeal from a district justice judgment must be filed within 30 days after the date of judgment:

"Rule 1002. *Time and Method of Appeal*

"A party aggrieved by a judgment may appeal therefrom within 30 days after the date of the judgment by filing with the prothonotary of the court of common pleas a notice of appeal on a form which shall be prescribed by the state court administrator."

On November 8, 1990, after defendant filed a petition to open judgment, a rule was issued upon plaintiff to show cause why his praecipe to strike defendant's appeal should not be stricken from the record, and why defendant's appeal should not be reinstated. The rule was returnable on November 26, 1990, at 9:30 a.m., and a hearing was also scheduled at this time. On November 26, 1990, the parties did not appear for the scheduled hearing and the rule was made absolute. Plaintiff's praecipe to

---

1. Exhibit A to plaintiff's praecipe to strike defendant's appeal, October 30, 1990.

strike the appeal was stricken, and defendant's notice of appeal was reinstated.

On January 4, 1991, plaintiff filed a petition to set aside the November 26, 1990 order. Plaintiff alleged that both he and the defense agreed to continue the hearing scheduled for November 26, 1990, and that plaintiff filed a motion for a continuance on November 21, 1990. The court, however, did not receive this motion until the afternoon of November 26, 1990.

On January 7, 1991, we rescinded our order of November 26, 1990. At this point in the proceedings, therefore, defendant's appeal remained stricken and the issue before the court was whether or not the appeal should be reinstated. We scheduled a hearing on this question for January 29, 1991.

At the January 29, 1991 hearing, we determined that the appeal was properly stricken as untimely filed and refused to reinstate it. From this order, defendant has appealed to the Superior Court.

Defendant argues that the court erred in striking his appeal as untimely because the appeal period should have been calculated as running from the date of mailing of the notice of the district justice judgment, and not as was done in the case at bar, from the date of entry of the judgment in the record. If defendant's method of calculating the appeal period is correct, then the October 5, 1990 appeal was timely, as the 30 days would run from September 6, 1990, the date the district justice mailed defendant notice of the entry of the judgment.

Defendant contends that in striking his appeal we ignored the directives of two provisions of the Judicial Code, 42 Pa.C.S. §§5571(b) and 5572, as well as the decisions of *Simon DeChalet Inc. v. Naponic,* 21 D.&C. 3d 408 (1980), and *Brierwood Enterprises v. Meigs,* 33 D.&C. 3d 641 (1983). He

contends that these authorities determine that the 30-day appeal period is calculated from the date of the notice of the entry of the judgment is mailed to the losing party, not the date on which the judgment is entered. Title 42 Pa.C.S. §§5571(b) and 5572 provide as follows:

"§5571. *Appeals generally*

"(b) *Other courts*—Except as otherwise provided in subsections (a) and (c), an appeal from a tribunal or other government unit to a court or from a court to an appellate court must be commenced within 30 days after the entry of the order from which the appeal is taken, in the case of an interlocutory or final order.

"§5572. *Time of entry of order*

"The date of service of an order of a government unit, which shall be the date of mailing if service is by mail, shall be deemed to be the date of entry of the order for the purposes of this subchapter. The date of entry of an order of a court or district justice may be specified by general rules."

We disagree that the sections of the Judicial Code and the decisions cited by defendant mandate the conclusion that defendant's appeal was timely filed.

Section 5572 specifically provides that "[t]he date of entry of an order of court or district justice may be specified by general rules."

A general rule is defined in Pa.R.C.P. 76 as follows: " 'general rule,' a Rule of Civil Procedure promulgated by the Supreme Court of Pennsylvania under the authority of Article V, section 10(c) of the Constitution of 1968 or of any Act of Assembly."

Rule 1002 of the Pennsylvania Rules of Civil Procedure governing district justices is a "general rule." As we have seen, Rule 1002 provides as follows:

"A party aggrieved by a judgment may appeal therefrom *within 30 days after the date of the judgment* by filing with the prothonotary of the court of common pleas a notice of appeal on a form which shall be prescribed by the state court administrator." (emphasis supplied)

Section 5572 refers to an "order" of a district justice. "Order" as used in section 5572 includes a "judgment." 42 Pa.C.S. §102.

Therefore, section 5572 itself provides that the date of entry of a judgment may be specified by general rules. Since Pa.R.C.P. 1002, governing district justices, is a "general rule," and since that rule specifically provides that the appeal must be taken within 30 days *after the date of judgment,* the time for taking an appeal from a judgment of·a district justice is 30 days after the date of the judgment.

The letter the district justice sent to defendant in the case at bar, notifying him that judgment was entered against him, clearly informed defendant in a bold-faced paragraph in the upper right-hand corner of the letter that "any party has the right to appeal · *within 30 days of the date of judgment.* "[2] The date of judgment is then defined in the letter as September 4, 1990.[3] As the letter from the district justice in the case at bar clearly informs defendant when his appeal period begins to run, the ambiguity which existed in the case of *Brierwood Enterprises v. Meigs,* 33 D.&C. 3d 641 (1983), is not present. In *Brierwood,* the court examined the letter which the district justice sent to the defendant notifying the defendant of the entry of the district justice's judgment against him, and found that letter was itself ambiguous as to when the appeal period began to run. The common pleas court, therefore, resolved·

2. *Ibid.*
3. *Ibid.*

the ambiguity created by the district justice in the defendants's favor. *Id.* at 647.

There is no such ambiguity present in the case at bar. Accordingly, we correctly struck defendant's appeal as untimely.